## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**BARRY GREEN, as Personal Representative of**
**the Wrongful Death Estate of MADDUX SAUL**,
a deceased minor child, and **JAMES SAUL**, individually,

    **Plaintiffs**,

                                                                                                                                     Case No.: CIV 23-00775

vs.

**UNITED STATES OF AMERICA; EIGHT**
**NORTHERN INDIAN PUEBLOS COUNSEL,**
**INC. d/b/a BUTTERFLY HEALING CENTER**, and
**TAOS PUEBLO TRIBAL POLICE DEPARTMENT**,

    **Defendants.**

## COMPLAINT FOR WRONGFUL DEATH

### I.    INTRODUCTION

This is a civil action arising under the Federal Tort Claims Act (FTCA), 28 USC §§ 1346(b) and 2671 *et. seq.* against the United States of America ("United States"), Eight Northern Indian Pueblos Counsel, Inc ("ENIP") d/b/a Butterfly Healing Center, and Taos Pueblo Tribal Police Department, in Taos Pueblo, New Mexico. At all material times hereto, Defendant United States provided federal funding to ENIP to operate the Butterfly Healing Center residential treatment facility, owned and operated by ENIP, as an Indian Health Service facility under the authority of the Public Health Service, Department of Health and Human Services, located on Taos Pueblo, as well as Taos Pueblo Tribal Police Department. Pursuant to applicable law, administrative claims and notices of claims were timely filed against the proper agencies, and all procedures required prior to the commencement of the suit were completed. Pursuant to 28 CFR §14.9(a), Plaintiffs now bring this suit.

## II. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Barry Green brings this case as the Personal Representative of the Wrongful Death Estate of Maddux Saul, a deceased minor, under the New Mexico Wrongful Death Act, § 41-2-3, NMSA 1978, and is a resident of the city of Santa Fe, Santa Fe County, State of New Mexico, and is the proper party to bring this action.

2. Plaintiff Green also brings this case on behalf of Plaintiff James Saul, the biological father of Maddux Saul, for loss of consortium.

3. Maddux Saul, deceased, was a resident of the City of Albuquerque, Bernalillo County, State of New Mexico.

4. At all times relevant to the Complaint, Maddux Saul was in the physical custody and care of Defendant, the Butterfly Healing Center.

5. Upon information and belief, Defendant, Eight Northern Indian Pueblos Counsel, Inc. ("ENIP") d/b/a Butterfly Healing Center owned and operated the Butterfly Healing Center, a residential behavioral health and substance abuse treatment program provider for adolescents. The Butterfly Healing Center provides in-patient substance abuse counseling and emotional counseling. Defendant Butterfly Healing Center is operating as a domestic non-profit corporation. It maintains a registered agent for service of process in Taos Pueblo, New Mexico.

6. Upon information and belief, Defendant Taos Pueblo Tribal Police Department maintains a registered agent for service of process in Taos Pueblo, New Mexico, and was at all relevant times acting within the course and scope of their employment when they responded to the Butterfly Healing Center on or about September 11, 2021.

7. At all relevant times, Defendant United States of America, by and through its agency, the Department of Health & Human Services, funded the Butterfly Healing Center and the Taos

Pueblo Tribal Police Department through a contract issued pursuant to Public Law 638 (also known as 25 USC 450 et. seq. or the Indian Self-Determination and Education Assistance Act (ISEAA) and thereby owned, controlled, operated, maintained, administered, manned, and conducted the Butterfly Healing Center and Taos Pueblo Tribal Police Department through the ISEAA contract.

8. At all relevant times, the agents, apparent agents, employees, mental health and healthcare providers at the Butterfly Healing Center were acting within the course and scope of their employment and/or agency with the Butterfly Healing Center and the United States of America through the ISEAA contract.

9. The Defendant United States is liable for the acts of the Butterfly Healing Center, its employees, agents, and apparent agents who were acting within the scope of their employment, apparent employment, agency, or master-servant relationship through the Butterfly Healing Center's Public Law 638 contract with the United States of America.

10. The Defendant United States is liable for the acts of the Taos Pueblo Tribal Police Department, its employees, agents, and apparent agents who were acting within the scope of their employment, apparent employment, agency, or master-servant relationship through the Public Law 638 contract with the United States of America.

11. Jurisdiction is proper with this Court pursuant to 28 USC §§ 1346(b).

12. Venue is proper with this Court pursuant to 28 USC § 1391(b) and 1402(b).

### III.   FACTS COMMON TO ALL CLAIMS

13. Maddux Saul was seventeen (17) years old (DOB 06/27/2004) at the time of the events which make the basis of this Complaint.

14. On or about September 10, 2021, at approximately 7:42 p.m. MST, Maddux Saul was readmitted to the Butterfly Healing Center after taking a temporary absence to attend the funeral of his grandmother.

15. The following morning, on September 11, 2021, at approximately 1:00 a.m. MST, Maddux Saul was found unresponsive with agonal breathing and a weak pulse.

16. No life saving measures were taken by the Butterfly Healing Center, other than calling 911.

17. Mr. Maddux Saul was in cardiac arrest.

18. Two tribal officers with the Taos Pueblo Tribal Police Department presented to the facility and gave Maddux Saul Narcan thinking this was a drug overdose. The Narcan administration was unsuccessful.

19. At 1:20 a.m. MST, EMS arrived on scene and CPR was implemented for the very first time.

20. Maddux Saul was transported to Holy Cross Hospital in critical condition.

21. A life flight to Colorado Children's Hospital was requested by Holy Cross Hospital.

22. Unfortunately, Maddux Saul died mid-flight.

23. He was pronounced dead at 9:55 a.m. MST on September 11, 2021.

24. A urinalysis obtained at Holy Cross Hospital revealed there were no drugs in Maddux Saul's system.

25. His cause of death was ruled "undetermined."

## COUNT I: NEGLIGENCE BY BUTTERFLY HEALING CENTER

26. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as if fully set out herein.

27. At all times material, Defendant Butterfly Healing Center owed Maddux Saul a duty to exercise reasonable care and diligence proportionate with the known and inherent risks in safeguarding its patients from harm.

28. At all times material, Defendant Butterfly Healing Center failed to provide timely, appropriate, urgent, and necessary medical treatment to Maddux Saul.

29. Butterfly Healing Center's failure to protect Maddux Saul from harm constituted a breach of its duty to safeguard Maddux Saul from harm.

30. Butterfly Healing Center breached its general and specific duties of care which proximately caused damages and death to Maddux Saul.

31. Butterfly Healing Center breached its duty to exercise ordinary care which proximately caused damages and death to Maddux Saul.

32. Butterfly Healing Center breached its duty to exercise ordinary care which proximately caused damages to Plaintiffs.

### COUNT II-NEGLIGENT EMPLOYMENT BY THE BUTTERFLY HEALING CENTER

33. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as if fully set out herein.

34. At all times material, Defendant Butterfly Healing Center had a duty to exercise ordinary care in the hiring, training, retention, and supervision of its employees.

35. Defendant Butterfly Healing Center breached its duty of ordinary care in the hiring, training, retention, and supervision of its employees.

36. The certification, training, experience, and level of education of certain employees indicates that they were not qualified to be employed in a work environment where they would have direct supervisory authority over the minors housed at the Butterfly Healing Center.

37. Upon information and belief, the Butterfly Healing Center knew or reasonably should have known that its employees were not qualified for the positions they maintained, and that they were negligent in their care of Maddux Saul while fulfilling their duties as Butterfly Healing Center employees.

38. These employees' conduct was enabled and made possible by the Butterfly Healing Center's negligence in hiring, training, supervising, and retaining these employees.

39. As a direct result of the Butterfly Healing Center's negligent hiring, training, supervision, and retention of unqualified employees, Maddux Saul sustained damages and death.

40. As a direct result of Defendant Butterfly Healing Center's negligent hiring, training, supervision, and retention of unqualified employees, Plaintiffs suffered damages.

## COUNT III: PROFESSIONAL MALPRACTICE

41. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as if fully set out herein.

42. Defendant Butterfly Healing Center owed a duty of professional care to Maddux Saul.

43. In its role as a residential behavioral health and psychiatric medical provider, the Butterfly Healing Center had a professional duty to provide appropriate treatment and therapy to adolescent patients with behavioral or psychiatric disorders and substance abuse problems.

44. In treating Maddux Saul, a resident patient, the Butterfly Healing Center had a professional duty to provide medically appropriate treatment.

45. The Butterfly Healing Center knew or should have known that its programs, treatments, and employees were unqualified to supervise and treat Maddux Saul.

46. The Butterfly Healing Center's conduct in allowing these individuals to supervise and treat Maddux Saul constituted a breach of its professional duty of care.

47. The Butterfly Healing Center further breached its duty of professional care by failing to provide appropriate monitoring, treatment, and therapy for Maddux Saul.

48. The Butterfly Healing Center's breach of its professional duty of care proximately caused damages and death to Maddux Saul.

49. The Butterfly Healing Center's breach of its professional duty of care proximately caused damages to Plaintiffs.

## COUNT IV: NEGLIGENT SUPERVISION

50. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as if fully set out herein.

51. Defendant, the Butterfly Healing Center, owed a duty of care to Maddux Saul that included a duty to adequately supervise the patients in its care and to take reasonable steps to prevent foreseeable harm to its patients.

52. The Butterfly Healing Center's failure to adequately supervise Maddux Saul, and its failure to perform lifesaving measures when he was in cardiac arrest constituted a breach of duty.

53. The Butterfly Healing Center's breach of its duty of care proximately caused damages and death to Maddux Saul.

54. The Butterfly Healing Center's breach of its duty of care proximately caused damages to Plaintiffs.

## COUNT V: BREACH OF CONTRACT/IMPLIED CONTRACT THIRD PARTY BENEFICIARY

55. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as if fully set out herein.

56. Eight Northern Indian Pueblos, Inc. ("ENIP"), entered into a contract with the United States to provide therapeutic residential services and treatment services to the people of New Mexico and residents of the Butterfly Healing Center in exchange for payments from the United States.

57. Such contracts imposes duties, obligations, and responsibilities on ENIP and the Butterfly Healing Center regarding the safe, appropriate and therapeutic environment provided for the Butterfly Healing Center residents.

58. The contract between ENIP and the United States was intended to benefit the class of persons to which Maddux Saul belonged, namely, New Mexicans and residents of the Butterfly Healing Center.

59. ENIP and the Butterfly Healing Center breached their respective duties and responsibilities under the contract.

60. Maddux Saul was a third-party beneficiary of the contract between ENIP and the United States.

61. As a direct and proximate result of ENIP and the Butterfly Healing Center's breaches of this contract, Maddux Saul suffered death and damages.

62. As a direct and proximate result of ENIP and the Butterfly Healing Center's breaches of this contract, Plaintiffs suffered injuries and damages.

## COUNT VI: NEGLIGENCE PER SE

63. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as if fully set out herein.

64. At all times alleged in this Complaint, there were in effect in New Mexico, statutes and ordinances which govern and regulated appropriate conduct between treatment centers such as the Butterfly Healing Center and its residents.

65. Defendant, the Butterfly Healing Center, violated such statutes and ordinances.

66. As a direct and proximate result of the Butterfly Healing Center's violation of statutes and ordinances specifically designed to protect individuals such as Maddux Saul, Maddux Saul sustained damages and died.

67. As a direct and proximate result of the Butterfly Healing Center's violation of statutes and ordinances specifically designed to protect individuals such as Maddux Saul, Plaintiffs have suffered injuries and damages.

### COUNT VII: NEGLIGENCE AGAINST TAOS PUEBLO TRIBAL POLICE DEPARTMENT

68. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as if fully set out herein.

69. At all times material, Defendant Taos Pueblo Tribal Police Department owed Maddux Saul a duty to exercise reasonable care and diligence as a first responder to administer lifesaving measures to a civilian in need of medical attention.

70. At all times material, Defendant Taos Pueblo Tribal Police Department failed to provide timely, appropriate, urgent, and necessary medical treatment to Maddux Saul.

71. Taos Pueblo Police Department breached its duty to exercise ordinary care which proximately caused damages and death to Maddux Saul.

72. Further, the Taos Pueblo Tribal Police Department's breach of its professional duty of care proximately caused damages to Plaintiff James Saul.

### VIII. PROFESSIONAL MALPRACTICE AGAINST TAOS PUEBLO TRIBAL POLICE DEPARTMENT

73. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as fully set out herein.

74. Defendant Taos Pueblo Tribal Police Department owed a duty of professional care to Maddux Saul.

75. In its role as law enforcement and being the first responders, the Taos Pueblo Tribal Police Department had a professional duty to provide life saving measures.

76. Upon information and belief, the Taos Pueblo Tribal Police Department's officers are trained in first aid, CPR, portable defibrillator use, and wound care, but failed to administer any emergency first aid, aside from giving Maddux Saul Narcan which yielded no change in Maddux Saul's condition.

77. Maddux Saul was in cardiac arrest.

78. The Taos Pueblo Tribal Police Department's failure to administer CPR is a breach of its professional duty of care which proximately caused damages and death to Maddux Saul.

79. Further, the Taos Pueblo Tribal Police Department's breach of its professional duty of care proximately caused damages to Plaintiff James Saul.

## DAMAGES-COMMON TO ALL DEFENDANTS

80. Plaintiffs reallege in full all of the allegations of the foregoing paragraphs as if fully set out herein.

81. As a proximate result of Defendants' negligence and tortious conduct Plaintiffs have suffered damages.

82. The conduct of Defendants in this instance constitutes an intentional, willful, wanton, grossly negligent, careless and/or reckless disregard for the rights and safety of others, including Plaintiffs, entitling Plaintiffs to an award of punitive/exemplary damages.

83. As a direct and proximate result of the Defendants' negligence, Maddux Saul experienced pain and suffering prior to death, mental anguish and distress, loss of earnings, loss of earning capacity, loss of enjoyment of life, loss of household services, aggravating circumstances attending Defendant's wrongful acts or neglect, and other damages contemplated by law in amounts to be determined at trial.

84. As a direct and proximate result of Defendant's negligence, Plaintiffs suffered losses from the amounts of funeral and commitment services.

85. As a direct and proximate result of the Defendant's negligence, Plaintiffs suffered emotional distress by the death of Maddux Saul.

86. James Saul is the father of Maddux Saul. He and his son had a close relationship and bond with one another. As a direct and proximate result of Defendants' negligence, James Saul has suffered loss of consortium damages.

WHEREFORE, Plaintiffs pray for judgment as follows: Against Defendants for injuries and damages caused by their negligence in a sum to be determined and fixed by the trier of fact as to be fair and just, punitive damages, for court costs, pre- and post judgment interest, compensatory damages for emotional distress, pain, suffering and all other appropriate relief deemed just and proper.

## JURY DEMAND

Plaintiff respectfully demands trial by jury on all counts against the Defendants.

Respectfully Submitted:

BERENSON & ASSOCIATES, PC

*Jordan E. Winters*
Jordan E. Winters
Rachel Berenson
415 6th St. NW
Albuquerque, NM 87102
Tel.: (505) 243-4400
Fax: (505) 243-4405
jordan@nmjusticelaw.com
rachel@nmjusticelaw.clom